IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Laura Anderson, Albert Anderson,<br>    Debtors. | Chapter 13 |
| Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF12 Mortgage Pass-Through Certificates, Series 2006-FF12,<br>    Movant,<br>vs.<br>Laura Anderson, Albert Anderson,<br>    Debtors / Respondents,<br>and<br>William C. Miller, Esq.,<br>    Trustee / Respondent. | Case No.: 16-15968-elf |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF12 Mortgage Pass-Through Certificates, Series 2006-FF12 ("Mortgagee"), and Albert Anderson and Laura Anderson ("Debtor"), by and through their respective counsel, hereby stipulate and agree as follows (as used herein the singular shall include the plural and the masculine shall include the feminine):

  1.  The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

  2.  Mortgagee is holder of a mortgage which is a lien on real property owned by Debtor known as and located at 3815 Nedla Rd, Philadelphia, PA 19154 ("the Property").

218338-8

3. The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this stipulation said delinquency consisting of the following:

| | |
|---|---|
| 2 Payments @ $1,135.98 (07/01/2018 – 08/01/2018) | $2,271.96 |
| 3 Payments @ $1,139.45 (09/01/2018 – 11/01/2018) | $3,418.35 |
| Less Suspense Balance | ($273.54) |
| Total Post-Petition Arrears | $5,416.77 |

4. The total post-petition arrears in the amount of $5,416.77 will be capitalized into and paid through the Debtor's Chapter 13 Plan. Debtor shall file a motion to amend the confirmed Chapter 13 Plan post-confirmation. Mortgagee shall file an amended Proof of Claim to include the post-petition arrears as stated in this Stipulation.

5. Commencing on December 1, 2018, Debtor shall resume making regular monthly mortgage payments currently in the amount of $1,139.45 and will pay late charges if applicable.

6. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this stipulation shall change accordingly.

7. Should Debtor fail to make any of the payments required by the terms of this stipulation, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Mortgagee may send Debtor and Debtor's counsel a written notice of default of this stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property. In the event a Notice of Default is issued and the Debtor remits a partial payment, it is agreed that acceptance of partial payment by the Mortgagee during the cure period shall not

218338-8

constitute a satisfaction or waiver of the Notice of Default. Absent a full cure of the Notice of Default, Mortgagee may file its Certification of Default with the Court and pursue the entry of a relief order.

8. Should the Debtor's post-confirmation plan be denied confirmation, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief as to the property.

9. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

STIPULATED AND AGREED TO BY:

_____    Dated: 11/27/18
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
Attorney for Debtor

_____    Dated: 11/27/18
Matthew C. Waldt, Esquire
MILSTEAD & ASSOCIATES, LLC
1 E. Stow Road
Marlton, NJ 08053
Attorney for Movant

218338-8

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Laura Anderson, Albert Anderson,<br><br>    Debtor | Chapter 13<br><br>Case No.: 16-15968-elf |
| U.S. Bank National Association, as trustee for the holders of the First Franklin Mortgage Loan Trust 2006-FF12 Mortgage Pass-Through Certificates, Series 2006-FF12,<br>    Movant,<br>vs.<br>Laura Anderson, Albert Anderson,<br>    Debtor / Respondent,<br>and<br>William C. Miller, Esq.,<br>    Trustee / Respondent. | |

### ORDER

IT IS HEREBY **ORDERED** that the Stipulation of Settlement filed on November 27, 2018 (Doc. # 50) is **APPROVED**.

Date: 11/28/18

_____
ERIC L. FRANK
U.S. BANKRUPTCY JUDGE